IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| ARIAT INTERNATIONAL, INC., | § § § | |
| Plaintiff, | § § | |
| v. | § § | Civil Action No. 3:23-cv-00342-M |
| M/S KHEMCHAND HANDICRAFTS and KHEM CHAND, | § § § § | |
| Defendants. | § § | |

**MEMORANDUM OPINION AND ORDER**

Plaintiff's Motion for Effective Service and to Permit Service by Alternative Means (ECF No. 71) is **GRANTED IN PART**. Plaintiff is authorized to serve process on Defendants M/S Khemchand Handicrafts ("MSKH") and Khem Chand ("Chand") via electronic mail and hand delivery to Defendants' counsel of record, Kenneth Thomas Emanuelson or Steven E. Ross.

I. **Factual and Procedural Matters**

Plaintiff Ariat International, Inc. asserts claims of copyright infringement of its stitching design for footwear against Defendants MSKH and Chand. ECF No. 75, Second Amended Complaint. On December 21, 2022, a third-party investigation initiated by Plaintiff indicated that the website containing alleged copyright infringement is part of "Khemchand Handicrafts." ECF No. 81 at 6. A search of the India Ministry of Corporate Affairs' records showed Plaintiff that Khemchand Handicrafts Limited ("KHL") was located in Jodhpur, India, and that http://khemchand.in provided an address of 74, Ganpati Vihar Tanawara Phanta Jodhpur, which would later prove to be the address of MSKH.

Plaintiff's Original Complaint, filed on February 14, 2023, named Defendants KHL and Cathy & Co., Inc., a Kansas corporation. ECF No. 1. Cathy & Co. was dismissed on August 25, 2023. ECF No. 26.

On July 25, 2023, Plaintiff purportedly effectuated service on the Defendants under the Convention on the Service Abroad of Judicial and Extrajudicial Documents in Civil and Commercial Matters (the "Hague Convention") at two addresses:

> Plot No. 12 13 14 15, Khasara no 32/8/1, Tanawada, Tehsil Luni, Jodhpur, Rajasthan, 342005, India
>
> 74 Ganpati Vihar, Tanaware Pha, Salawas Rd, Jodhpur, Rajasthan, 342013, India

ECF No. 61. Plaintiff claims the first address is that of KHL, the second of MSKH. ECF No. 78 at 16; ECF No. 64-5 at 2.

On August 1, 2023, counsel from the Indian law firm, Adwitya Legal LLP, wrote Plaintiff's counsel and stated that it represented "Khemchand Handicraft Group, Jodhpur" and sought to discuss the merits of the litigation. ECF No. 64-3 at 6–7. Plaintiff claims this correspondence led it to believe that Khemchand Handicraft Group was a corporate parent of or otherwise authorized to act on behalf of one or both of the Defendants and that Plaintiff had served the party responsible for the accused conduct. ECF No. 80 at 2. Defendant KHL, through U.S. counsel Kenneth Emanuelson, sought five unopposed extensions to respond to the Complaint to "provide additional time for its newly-retained counsel to investigate and respond to the allegations set forth in the Complaint." ECF Nos. 24, 28, 31, 33, 35. The Court granted each extension but warned that the fifth extension would be the last. ECF No. 36.

In October 2023, Emanuelson informed Plaintiff that KHL is not the entity responsible for the alleged conduct, and suggested that Khemchand Handicrafts and Myra Bag were possibly the correct entities. ECF No. 64-3 at 2. On October 26, 2023, Plaintiff filed its First Amended

Complaint, adding several Defendants, including MSKH and Chand.  On January 19, 2024, Plaintiff moved for the Clerk of Court to enter default against all Defendants but KHL.  ECF No. 58.  In correspondence dated January 23, 2024, MSKH and Chand's counsel stated to Plaintiff that MSKH and KHL are distinct legal entities, that MSKH is a sole proprietorship owned and operated by Chand under the laws of India, and that Chand is one of five directors of KHL.  ECF No. 64-5 at 2–3.  The correspondence further stated that MSKH manufactures the footwear accused of infringing and that KHL is in the furniture business.  ECF No. 64-4 at 2; ECF No. 64-5 at 3.  On January 24, 2024, the Clerk of Court entered default against all Defendants but KHL.  ECF No. 59.

On April 10, 2024, at the parties' mutual request, the Court set aside the default in its entirety, dismissed all Defendants but MSKH and Chand, and granted Plaintiff leave to file the Second Amended Complaint.  ECF Nos. 72–74.  Plaintiff requests an Order that service on MSKH and Chand were accomplished on July 25, 2023, or authorizing alternative, non-Hague Convention service on MSKH and Chand.

**II.     Legal Standard**

The serving party bears the burden of establishing the validity of service.  *Prem Sales, LLC v. Guangdong Chigo Heating & Ventilation Equip. Co.*, 494 F. Supp. 3d 404, 410 (N.D. Tex. 2020) (citing *Quinn v. Miller*, 470 F. App'x 321, 323 (5th Cir. 2012) (citing *Carimi v. Royal Carribean Cruise Line, Inc.*, 959 F.2d 1344, 1346 (5th Cir. 1992))).  If the serving party fails to carry its burden, the district court may quash service and dismiss the claim or extend time for obtaining proper service.  *See Gartin v. Par Pharm. Cos.*, 289 F. App'x 688, 692 (5th Cir. 2008).  A court cannot exercise jurisdiction over a defendant not properly served.  *McGuire v. Sigma Coatings, Inc.*, 48 F.3d 902, 906–07 (5th Cir. 1995).

**III.   Analysis**

Because the Court determines that Plaintiff may serve MSKH and Chand by alternative means under Rule 4(f)(3), it does not reach the issue of whether MSKH was served under the Hague Convention on July 25, 2023.[1]

"The task of determining when the particularities and necessities of a given case require alternate service of process is placed squarely within the sound discretion of the district court." *SEC v. Millennium Bank*, No. 7:09-CV-050-O, 2009 WL 10689097, at *1 (N.D. Tex. Oct. 21, 2009) (internal quotation marks omitted). "Rule 4(f) does not require that the plaintiff try to serve an internationally based defendant under Rule 4(f)(1) or 4(f)(2) before authorizing service under Rule 4(f)(3)." *WorldVentures Holdings, LLC v. Mavie*, No. 4:18CV393, 2018 WL 6523306, at *13 (E.D. Tex. Dec. 12, 2018) (Mazzant, J.) (collecting cases). "No such requirement is found in the Rule's text, implied by its structure, or even hinted at in the advisory committee notes." *Rio Props., Inc. v. Rio Int'l Interlink*, 284 F.3d 1007, 1014–15 (9th Cir. 2002).

Courts considering alternative service under Rule 4(f)(3) ask if such service "comport[s] with constitutional notions of due process." *RPost Holdings, Inc. v. Kagan*, No. 2:11-CV-238-JRG, 2012 WL 194388, at *2 (E.D. Tex. Jan. 23, 2012) (citing *Gramercy Ins. Co. v. Kavanagh*, No. 3:10-CV-1254, 2011 WL 1791241 (N.D. Tex. May 10, 2011) and *Rio Props., Inc.*, 284 F.3d at 1016). Due process requires "reasonable notice and an opportunity to be heard." *Gramercy*, 2011 WL 1791241, at *1.

Courts have directed service on an international defendant's counsel under Rule 4(f)(3) to promote the "just, speedy, and inexpensive determination of every action and proceeding."

---

[1] MSKH and Chand concede that, "[s]ince MSKH is a sole proprietorship owned by Mr. Chand, proper service on MSKH would be proper service on Mr. Chand as well." ECF No. 78 at 15 n.34.

4

*WorldVentures Holdings, LLC*, 2018 WL 6523306, at *14 (citing Fed. R. Civ. P. 1). Such service leaves no doubt that the defendant will be provided notice of the suit, while avoiding the time and expense otherwise required by service under the Hague Convention. *Id.* (citing *RPost Holdings*, 2012 WL 194388, at *2–*3; *Affinity Labs of Tex., LLC v. Nissan N. America, Inc.*, No. WA:13-CV-369, 2014 WL 11342502, at *2–*4 (W.D. Tex. July 2, 2014)).

MSKH and Chand offer no compelling reason why the Court should not permit service by email and through their U.S. counsel. They have had notice of this lawsuit for nearly a year. MSKH and Chand do not argue that they would be prejudiced by alternative service. Finding no prejudice and that the alternative service ordered comports with due process, the Motion for alternative service is **GRANTED**.

IV. Conclusion

Plaintiff is authorized to serve process on MSKH and Khem Chand via electronic mail to and by hand delivery to Defendants' counsel of record, Kenneth Thomas Emanuelson or Steven E. Ross.

**SO ORDERED**.

June 6, 2024.

_____
BARBARA M. G. LYNN
SENIOR UNITED STATES DISTRICT JUDGE